IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CHARLES EVANS,** | ) | CASE NO. 8:08CV313 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **B. BRAUN, K. LAMPERT, and** | ) | |
| **OMAHA POLICE DEPARTMENT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Plaintiff filed his Complaint in this matter on July 18, 2008. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e).

**I.     SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint in this matter on July 18, 2008, against the Omaha Police Department ("OPD"), Officer B. Braun and Officer K. Lampert. (Filing No. 1 at CM/ECF p. 1.) Plaintiff does not allege that he is incarcerated. (*Id*. at CM/ECF pp. 1-3.)

Condensed and summarized, Plaintiff alleges that on May 20, 2008, Defendants "illegally" stopped, arrested and detained him without a "warrant." (*Id*. at CM/ECF pp. 1-2.) Plaintiff alleges that the arrest occurred "within 2 seconds of getting behind" him. Plaintiff "was subsequently charged with possession of marijuana . . . ." (*Id*. at CM/ECF pp. 2-3.) Plaintiff asks the court to declare his arrest illegal and seeks $1,000,000.00 in damages. (*Id*. at CM/ECF p. 3.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where pro se plaintiffs do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law.

*West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.   DISCUSSION OF CLAIMS

A.   Claims Against OPD

Plaintiff names the OPD as a Defendant in this matter. (Filing No. 1 at CM/ECF p. 1.) The court construes claims against the OPD as claims against the City of Omaha, Nebraska. As a municipal defendant, the City of Omaha may only be liable under section 1983 if its "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

1)   The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2)   Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3)   That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that any City of Omaha, Nebraska, municipal policy or custom caused his "illegal arrest." Due to this omission, the court finds that Plaintiff has failed to allege a cognizable claim against the OPD under the *Jane Doe* standard. However, on the court's own motion, Plaintiff shall have until November 10, 2008, to amend his Complaint to clearly state a claim upon which relief can be granted against Defendant OPD. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (Filing No. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

B.   Claims Against Braun and Lampert

Liberally construed, Plaintiff's claims are brought pursuant to the Fourth and Fourteenth Amendments. "It is well established that a warrantless arrest without probable cause violates an individual's constitutional rights under the Fourth and Fourteenth Amendments." *Hannah v. City of Overland, Mo.*, 795 F.2d 1385, 1389 (8th Cir. 1986).

Here, Plaintiff alleges that Defendants illegally stopped, arrested, and detained him without a warrant. (Filing No. 1 at CM/ECF pp. 1-2.) Plaintiff further alleges that the arrest occurred "within 2 seconds" of Braun and Lampert "getting behind" Plaintiff's car. (*Id.* at CM/ECF p. 1.) Liberally construed, Plaintiff has alleged that his arrest occurred without a warrant and without probable cause. Thus, Plaintiff has set forth enough facts to nudge his claims across the line from conceivable to plausible. As a result, Plaintiff's Fourth and Fourteenth Amendment claims against Defendants Braun and Lampert may proceed. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto. Further, no summonses will be issued until after

Plaintiff has had an opportunity to amend his Complaint in accordance with this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **November 10, 2008**, to amend his Complaint to clearly state a claim upon which relief can be granted against Defendant OPD. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendant OPD will be dismissed and this case will proceed only against Defendants Braun and Lampert as set forth in this Memorandum and Order;

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (Filing No. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims;

3. No summonses will be issued until after Plaintiff has had an opportunity to amend his Complaint in accordance with this Memorandum and Order;

4. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **November 10, 2008**;

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 14th day of October, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge